UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (#112218)

VERSUS                                             CIVIL ACTION

BURL CAIN, ET AL                                   NUMBER 11-94-JJB-DLD

ORDER

Before the court is the plaintiff's Motion For Order To Compel Discovery. Record document number 35.

Plaintiff sought to compel the production of documents and answers to interrogatories propounded on September 2, 2011.[1]

A review of the record showed that the plaintiff's interrogatories were not docketed separately. On November 22, 2011, the Clerk was instructed to docket the plaintiff's interrogatories separately. Defendant was granted 30 days from the date of the order to respond to the plaintiff's interrogatories.

Therefore, insofar as the plaintiff sought to compel responses to interrogatories, the motion is denied as premature.

Plaintiff also sought to compel the production of documents.

In request for production of documents numbers 1 and 4, the plaintiff sought the production of copies of all medical records including pill call sheets and medication records of all inmates who made complaints of food poisoning on November 27, 2009.

Defendant objected to the production of the medical records of other inmates on

---

[1] Record document number 30.

grounds that the information is privileged, the request is unduly burdensome and not calculated to lead to the discovery of relevant, material and admissible evidence. Defendant noted that copies of the plaintiff's medical records, the Warden's Unusual Occurrence Report and the Incident Report were previously produced in the defendants' initial disclosures.[2]

Defendant's objection is well-founded. Plaintiff's request is overly broad and the medical records of other inmates are not relevant to the plaintiff's claim that he was denied adequate medical treatment after he and others were food poisoned.

In request for production of documents number 2, the plaintiff sought copies of all complaints/referrals made by LSP employees and all administrative grievances filed by inmates as a result of the November 26, 2009 food poisoning incident.

Defendant objected to the production of employee and inmate grievances on grounds that the information is privileged, the request is unduly burdensome and not calculated to lead to the discovery of relevant, material and admissible evidence.

Defendant's objection is well-founded. Plaintiff's request is overly broad and the administrative grievances of employees and other inmates are not relevant to the plaintiff's claim that he was denied adequate medical treatment after he and others were food poisoned.[3]

In request for production of documents number 3, the plaintiff sought copies of all investigative reports, Wardens Unusual Occurrence Reports, Health Department Investigation Reports and ACA and LSP policies regarding nutritionally well-balanced

---

[2] Record document number 26.

[3] Pursuant to this court's order, the plaintiff was provided a copy of his Administrative Remedy Procedure. Record document number 5.

meals and health and safety codes.

Defendant objected on grounds that the request is vague, unduly burdensome, and not calculated to lead to the discovery of relevant, material and admissible evidence.

In response to the plaintiff's administrative grievance prison officials stated that an investigation was conducted by the Louisiana Health Department and that food poisoning could not be substantiated.

Plaintiff is entitled to a copy of the Health Department investigation report related to the November 26, 2009 incident. In addition, to the extent there are LSP policies and ACA standards which address the health and safety of food preparation and service, the plaintiff is entitled to such policies. Finally, plaintiff is entitled to any Warden's Unusual Occurrence Report issued as a result of the November 26, 2009 incident relating to the alleged food poisoning of the plaintiff and several hundred other prisoners and employees. Plaintiff's motion to compel request for production of documents number 3 is granted in part. Within 21 days from the date of this order the defendants shall provide the plaintiff with (1) a copy of the Health Department investigation report regarding the November 26, 2009 incident as referenced in ARP LSP-2009-3846; (2) copies of any LSP policy or ACA standard which addresses the health and safety of food preparation and service which was in effect on November 26, 2009; and (3) any Warden's Unusual Occurrence Report issued as a result of the November 26, 2009 incident relating to the alleged food poisoning of the plaintiff and several hundred other prisoners and employees. In all other respects, the plaintiff's motion to compel request for production of documents number 3 is denied.

In request for production of documents number 5, the plaintiff sought copies of any and all past food poisonings at the penitentiary since 2003 and any agreement or

settlement reached with inmates or personnel and the amount of the settlement.

Defendant objected on grounds that the information is privileged, the request is vague, unduly burdensome and not likely to lead to the discovery of relevant, material and admissible evidence.

Defendant's objection is well-founded. Plaintiff's request is overly broad, irrelevant and not calculated to lead to the discovery of relevant evidence regarding his claim that he was denied adequate medical treatment after he and others were food poisoned.

Accordingly,

IT IS ORDERED that the plaintiff's Motion For Order To Compel Discovery, record document number 35, is granted as to request for production of documents number 3, and in all other respects the motion to compel is denied.

Signed in Baton Rouge, Louisiana, on December 5, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**