UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONALD HENSLEY, JR. (#112218)

VERSUS                                              CIVIL ACTION

BURL CAIN, ET AL                                    NUMBER 11-94-JJB-DLD

ORDER

Before the court is the plaintiff's Motion For Order To Compel Production of Documents. Record document number 55. The motion is opposed.[1]

Plaintiff sought to compel the production of documents propounded on September 2, 2011.[2]

On October 19, 2011, the plaintiff filed a motion to compel discovery including a motion to compel the production of the same documents at issue in this motion to compel.[3] On December 5, 2011, the plaintiff's motion to compel the production of documents was granted in part.[4] Defendants were ordered to produce copies of: (1) a copy of the Health Department

---

[1] Record document number 57.

[2] Record document number 30.

[3] Record document number 35.

[4] Record document number 47.

investigation report regarding the November 26, 2009 incident as referenced in ARP LSP-2009-3846; (2) copies of any LSP policy or ACA standard which addresses the health and safety of food preparation and service which was in effect on November 26, 2009; and (3) any Warden's Unusual Occurrence Report issued as a result of the November 26, 2009 incident relating to the alleged food poisoning of the plaintiff and several hundred other prisoners and employees.

In response the defendants filed: (1) LSP Investigative Services food-borne outbreak investigation referenced in ARP LSP-2009-9846; (2) a copy of the Department of Public Safety and Corrections Health Care Policy No. HC-18 which addresses the health and safety of food preparation and service in effect on November 26, 2009; and (3) copies of all Warden's Unusual Occurrence reports issued as a result of the November 26, 2009 incident.[5]

In his motion to compel, the plaintiff argued that the discovery responses are incomplete. Specifically, the plaintiff argued that the investigation report prepared by Maj. Joel Harrell was withheld and he did not receive copies of LSP Directive 11:003, Department Regulation C-06-001, or ACA Standards policies numbers 3-4294, 3-4298, 3-4303, 3-4306, 3-43-07, and 3-4309. Plaintiff did not argue that any of the policies, directives and regulations

---

[5] Record document number 51.

purportedly withheld were in effect at the time of the incident and address the health and safety of food preparation and service.

Defendant opposed the plaintiff's motion arguing that the motion to compel is premature and that they have produced all documents in their possession.

A party moving to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Rule 37(a)(1). Plaintiff failed to certify that he has conferred with counsel for the defendants.

Accordingly, the plaintiff's Motion For Order To Compel Production of Documents is denied without prejudice to re-urging his motion to compel once he has conferred with counsel for the defendants and that the parties are unable to resolve the discovery dispute.

The parties are encouraged to confer regarding the disputed documents. First, a review of the defendant's notice of compliance, record document number 51, showed that a copy of the investigation report by Maj. Joel Harrell was filed into the record. If the plaintiff asserts that he did not receive a copy of the report, counsel for the defendants should send him another copy. Second, counsel for the defendants is placed on notice that the

December 5, 2011 order granting the plaintiff's motion to compel required the defendants to produce copies of any LSP policy or ACA standard which addresses the health and safety of food preparation and service which was in effect on November 26, 2009. The spirit of the order included any relevant directive, regulation, policy or ACA standard. Third, the parties are encouraged to confer and determine whether the documents sought by the plaintiff in his most recent motion to compel are also responsive to the court's December 7, 2011 order. The parties are encouraged to resolve this issue without further use of the court's limited judicial resources.

Signed in Baton Rouge, Louisiana, on January 19, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**